UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TODD LOSURE,

    Plaintiff,

v.                                    CASE NO: 21-cv
                                    HON:

KALAMAZOO COUNTY, THOMAS JELSOMENO
MICHAEL HIEMSTRA, JAMES VARDA, DANIEL BLOCK,
ALBERT DOORLAG, and HEATHER MARSHAL
in their individual and official capacities,

    Defendants,

| |  |
|---|---|
| <u>CHRISTOPHER TRAINOR & ASSOCIATES</u><br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **TODD LOSURE,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is a resident of the City of Three Rivers, St. Joseph County, State of Michigan.

2. Defendant KALAMAZOO COUNTY is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant THOMAS JELSOMENO is and/or was a correctional officer employed by the Kalamazoo County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

4. Defendant MICHAEL HIEMSTRA is and/or was a correctional officer employed by the Kalamazoo County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

5. Defendant JAMES VARDA is and/or was a correctional officer employed by the Kalamazoo County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

6. Defendant DANIEL BLOCK is and/or was a correctional officer employed by the Kalamazoo County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

7. Defendant ALBERT DOORLAG is and/or was a correctional officer employed by the Kalamazoo County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

8. Defendant HEATHER MARSHAL is and/or was a correctional officer employed by the Kalamazoo County Jail and was acting under color of law, in her individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

9. All relevant events giving rise to this lawsuit occurred in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

10. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1963. Plaintiff also has viable state law claims.

11. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

12. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not included interest, costs, and attorney fees.

## FACTS

13. On March 2, 2020, Plaintiff was incarcerated in the Kalamazoo County Jail as a pretrial detainee.

14. On this date, while in the a medical holding cell, Plaintiff began pushing the help button due to the pain he was in but no one came to assist him.

15. Defendants did eventually arrive to the holding cell when they noticed Plaintiff attempting to commit suicide.

16. When Defendants came to pull Plaintiff from his cell to place him in another padded holding cell, Defendants Varda twisted Plaintiff's leg and Defendant Jelsomeno violently twisted Plaintiff's fingers.

17. Plaintiff immediately notified Defendants of the pain in his fingers in his right hand and right knee, however, Defendants placed Plaintiff in a padded cell for days before allowing him to get treatment for his injuries.

18. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTEENTH AMENDMENT
## 42 U.S.C § 1983 EXCESSIVE FORCE

19. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

20. The Due Process Clause of the Fourteenth Amendment prevents the use of excessive physical force against pretrial detainees and imposes a duty on police officials to take reasonable measures to guarantee the safety of those under their care.

21. Individual Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable force which resulted in significant injuries to Plaintiff.

22. At all relevant times herein, Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

23. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourteenth

Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

24. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment right to be free from excessive use of force.

25. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive costs, interest, and attorney fees.

### COUNT II
### VIOLATION OF THE FOURTEENTH AMENDMENT, 42 USC § 1983 DELIBERATE INDIFFERENCE/FAILURE TO PROVIDE MEDICAL TREATMENT

26. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. Plaintiff's constitutionally protected rights that individual Defendants violated include the following:

   a. His right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal

>
> safety, freedom from captivity, and right to medical care and protection;
>
> b. His right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

28. Defendants' violation of their affirmative duties, prevented others from Plaintiff's constitutionally protected rights. This situation, while Plaintiff was under Defendants custodial control, is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights.

29. Defendants, acting under color of law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, their actions in detaining Plaintiff, given his medical condition showed deliberate indifference to Plaintiff's serious medical needs and was a deprivation of his constitutional protected rights.

30. Defendants violated Plaintiff's federally protected rights by failing to properly or adequately attend to Plaintiff's severe and obvious medical needs, thereby exhibiting deliberate indifference.

31. Defendants' failure to promptly and adequately respond to Plaintiff's obvious and urgent need for adequate medical attention; refusal to accommodate Plaintiff's documented medical needs; and their failure to ensure that elementary medical precautions were taken for Plaintiff's condition all exhibit their deliberate indifference to Plaintiff's serious medical needs.

32. Defendants denied Plaintiff adequate access to medical personnel and/or prevented Plaintiff from receiving immediate and/or necessary treatment.

33. Defendants acted wantonly, with deliberate indifference to Plaintiff's serious medical needs.

34. At the time of the incident complained of herein, it was clearly established that the Fourteenth Amendment prohibited the unnecessary and wanton infliction of pain by denying or delaying an inmate's access to medical care.

35. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourteenth Amendment rights and pursuant to 42 USC §1983, Plaintiff has a viable claim for compensatory and punitive damages, and costs, interest, and attorney fees as set forth in 42 USC §1988.

    **WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an award in favor of Plaintiff and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## DEFENDANT KALAMAZOO COUNTY
## CONSTITUTIONAL VIOLATIONS

36. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

37. Defendant Kalamazoo County permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights as complained of herein.

38. These customs, practices, and/or policies included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its corrections officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise corrections officers regarding the proper use of force; and

    c. Failing to adequately supervise, review, and/or discipline corrections officers whom Defendant Kalamazoo County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its corrections officers to engage in unlawful conduct.

39. Defendant's conduct was so reckless so as to demonstrate deliberate indifference for whether an injury resulted.

40. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

41. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's constitutional rights; and pursuant to 42 U.S.C. § 1983, Plaintiff

has a viable claim for compensatory and punitive damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                                              Respectfully Submitted,
                                              CHRISTOPHER TRAINOR & ASSOCIATES

                                               **s/ Christopher Trainor**
                                              CHRISTOPHER J. TRAINOR (P42449)
                                              AMY J. DEROUIN (P70514)
                                              THOMAS P. KERR (P84864)
Dated: June 28, 2021          Attorneys for Plaintiff
CJT/TPK                            9750 Highland Road
                                              White Lake, MI  48386
                                              (248) 886-8650
                                              amy.derouin@cjtrainor.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

TODD LOSURE,

    Plaintiff,

v.                                                                      CASE NO: 21-cv
                                                                    HON:

KALAMAZOO COUNTY, THOMAS JELSOMENO
MICHAEL HIEMSTRA, JAMES VARDA, DANIEL BLOCK,
ALBERT DOORLAG, and HEATHER MARSHAL

    Defendants,

| |  |
|---|---|
| <u>CHRISTOPHER TRAINOR & ASSOCIATES</u><br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## **DEMAND FOR JURY TRIAL**

11

**NOW COMES** Plaintiff, **TODD LOSURE,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                         Respectfully Submitted,
                         CHRISTOPHER TRAINOR & ASSOCIATES

                         **s/ Christopher Trainor**
                         CHRISTOPHER J. TRAINOR (P42449)
                         AMY J. DEROUIN (P70514)
                         THOMAS P. KERR (P84864)
                         Attorneys for Plaintiff
                         9750 Highland Road
                         White Lake, MI  48386
                         (248) 886-8650
                         amy.derouin@cjtrainor.com

Dated: June 28, 2021
*CJT/TPK*